[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10342

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO VALENCIA MENDOZA,
a.k.a. Uriel Valencia Mendoza,
a.k.a. Yiyo,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00278-LMM-JSA-1

————————————

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Hugo Valencia Mendoza appeals his sentence of imprisonment for 210 months following his guilty plea for conspiring to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and aiding and abetting the possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a), (b)(1)(A) and 18 U.S.C. § 2. Mendoza contends the district court erred by applying a two-level enhancement under U.S.S.G. § 2D.1.1(b)(5) for his offense involving the importation of methamphetamine. He argues that the word "involved" in § 2D.1.1(b)(5) is unconstitutionally vague. After careful review, we affirm.

The district court committed no error.[1] Mendoza's argument is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court

---

[1] We review constitutional challenges to a district judge's use of the Sentencing Guidelines de novo. *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015).

held that the advisory Sentencing Guidelines cannot be challenged as unconstitutionally vague. 137 S. Ct. at 892. The Supreme Court explained that the "void for vagueness" doctrine has been applied to two kinds of criminal laws: "laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses." *Id.* Because the Guidelines do neither, but rather serve as a non-binding guide to aid judges in their sentencing, the vagueness doctrine does not apply to the Sentencing Guidelines. *Id.* Further, the Supreme Court reasoned that the Guidelines do not interfere with the two policies that the void for vagueness doctrine protects—provision of notice and the avoidance of arbitrary enforcement. *Id.* at 894.

Mendoza's attempt to distinguish *Beckles* fails. He contends that because of the vagueness of the word "involved" under U.S.S.G. § 2D.1.1(b)(5),[2] district court judges across the country could apply the enhancement to anyone no matter how far down the chain of distribution. But in this specific case, it makes no difference how the district court applied the enhancement provision because Mendoza challenges only the vagueness of § 2D.1.1(b)(5), and the Supreme Court held that the advisory guidelines—

---

[2] We previously declined to interpret the word "involved" narrowly and determined the language used by the Sentencing Guidelines supports a broader reading of the word "involved." *See United States v. Perez-Oliveros*, 479 F.3d 779, 784 (11th Cir. 2007).

4                    Opinion of the Court                    21-10342

including § 2D.1.1(b)(5)—cannot be unconstitutionally vague in any case as a matter of law. *See Beckles*, 137 S. Ct. at 894–95.

**AFFIRMED.**